On bill, c., final hearing.
Plaintiff, Luella Stumpf Ricker, claims to be the equitable owner of a one-half interest in real estate, and seeks a partition and an accounting. Defendant stands on a record legal title in himself, and denies plaintiff's claim to any relief.
Anna C. Stumpf died, testate, on January 7, 1939, seized of title in fee to premises No. 1 Ayer Place, Rutherford, New Jersey. By her will she devised the property to her two daughters, Luella Stumpf Ricker (a plaintiff herein), and Wilhelmina Poltock, subject to the latter's "right to live there with her husband under the same conditions as heretofore, as long as she so desires; provided, however, that she pay any deficiency, which may occur in carrying charges, while living in said premises". Wilhelmina died on January 27, 1942, survived by her husband Alfred T. Poltock (the defendant herein). The Poltocks had resided in the property with Mrs. Stumpf for many years, and following the latter's death they continued to reside therein until Mrs. Poltock's death. Since his wife's death, Mr. Poltock has continued to occupy the property alone.
In the year 1939, a few months after the mother's death, the two daughters and their spouses made a conveyance of the *Page 501 
above real estate to the defendant. This was done to enable the defendant to make a mortgage on the land, the proceeds of which were to be used to pay the balance of the then existing mortgage, the surplus to be divided between the two sisters, — the equitable owners. The mortgage was accordingly made (for $1980); approximately $300 remained for division between the two sisters. Plaintiff, Luella Stumpf Ricker, received $150.00; defendant, Poltock, received his wife's share, and with it paid certain expenses in connection with Mrs. Stumpf's estate which he had voluntarily assumed.
Not long after the death of Mrs. Poltock, her sister (Mrs. Ricker) disclosed to Mr. Poltock her intention to make a will. On direct examination, he testified to that conversation as follows: "I was called to the house, and Mrs. Ricker said, `I am going to Johnny Stothers to make a will'. And I said, `what have you got to make a will about?' And she said, `half the house.' And I said, `Half the house? It is mine, you signed the deed over to me, it is my house, I am not going to sign anything for you to be able to make a will'." Just ahead of this testimony the defendant stated: "* * * there was needed to take out the mortgage and in order to get that mortgage it was put over in my hands, a deed to me, in order to get that mortgage and get the money, so the best we could get from the mortgage was in the neighborhood of three hundred dollars. After we got that money my wife said to me, here is one hundred fifty dollars to finish off paying off the debts, and I paid off the debts and there was no more debts for the mother." On cross examination, the witness testified as follows: "Q. The property was deeded to you `in order to get a mortgage', is that what you mean, is that correct? A. That is right. Q. You didn't give any consideration in dollars to Mrs. Ricker for her interest in the property? A. No consideration? The consideration I gave is what I had done in the home. Q. Did you give any consideration in dollars at the time? A. No dollars, no."
The evidence clearly requires a finding that defendant took a naked legal title to the property in question as a trustee only. Mrs. Ricker is clearly the equitable owner of a *Page 502 
half interest in the real estate, subject, of course, to the inchoate right of curtesy of her husband, — her co-plaintiff. Moreover, defendant must render an account covering the period beginning with the death of his wife. Mrs. Stumpf's will gave a right of occupancy to defendant and his wife, conditioned upon their paying all carrying charges and expenses. Paragraph 9 of the bill of complaint, admitted by the answer, quotes the fourth paragraph of Mrs. Stumpf's will to this effect. Defendant will be charged for use and occupation, therefore, since January 27, 1942, and will be given credit for all payments since that date on the mortgage, and for taxes, repairs c. If counsel cannot agree, a reference will be necessary to have the account stated.
The complaint contains no allegations respecting Mrs. Poltock's heirs. Both sides may have assumed that in the event Mr. Poltock were held to be a trustee of the legal title, he would succeed to his deceased wife's equitable interest. Indeed, this may be so. But it must be alleged and proved. Otherwise the suit may be defective for want of parties. If additional parties are not necessary, the proper amendments and a stipulation can be filed when the judgment is presented for signature.
Obviously the property is not capable of a physical division. If all necessary parties are already in court, the real estate will be ordered sold. After payment of the mortgage (and any other liens), plaintiff Luella Stumpf Ricker will be entitled to one-half of the proceeds of sale, upon her husband's consenting to release his curtesy; defendant will be entitled to the remaining one-half. If the accounting discloses that either Mr. Poltock or Mrs. Ricker is indebted to the other, the amount of the debt as so determined will be taken from the debtor's share of the proceeds of sale.
Plaintiffs are entitled to a judgment carrying costs and a counsel fee. *Page 503